IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES L. MILLER | : | |
| | : | |
| v. | : | CIVIL NO. CCB-04-1129 |
| | : | |
| U.S. FOODSERVICE, INC., ET AL. | : | |

...o0o...

**MEMORANDUM**

The defendant Royal Ahold's Motion to Dismiss Count VIII of the Third Amended Complaint alleging wrongful discharge from the RvB will be **Granted**. First, Miller does not contest that under Dutch law termination from the RvB requires a shareholder vote, which did not occur. Further, his alleged employment on the RvB is distinct from his Maryland employment as CEO of USF. The RvB responsibilities were global; the alleged decision to remove him from the RvB was made in the Netherlands; and he does not dispute that the call allegedly firing him originated in the Netherlands, or at least outside Maryland.

The plaintiff's motion for leave to file a Fourth Amended Complaint will be Denied. By that motion, Miller seeks to add yet more claims against Royal Ahold – for negligent misrepresentation, negligence, intentional misrepresentation, and constructive fraud – based on Royal Ahold's alleged concealment of the April 12, 2001 Smith memorandum and May 3, 2001 Ekelschot email. First, there is no good reason for the delay in adding these claims, as Miller has been aware of these documents for at least a year. Second, it would unfairly prejudice Royal Ahold and delay the trial to allow another amendment at this point in the litigation. Taking and defending depositions may well have been handled differently if Royal Ahold knew it was defending against numerous additional claims rather than simply dealing with Miller's arguments in opposition to Royal Ahold's counterclaims. Third, Miller has proffered no

persuasive legal authority for his claim that Royal Ahold owed a duty to the CEO of its subsidiary to provide him information of the kind at issue here.

Miller's theory that the risk of harm he alleges (scapegoating and forced termination) was a foreseeable result of the alleged breach of duty is also tenuous. Thus, the proposed amendment fails for delay, prejudice, and futility.

A separate Order follows.

  September 17, 2007  
      Date

            /s/  
Catherine C. Blake  
United States District Judge